OPINION
{¶ 1} Defendant-appellant, Jerry James, Jr., appeals his convictions for robbery and assault following a jury trial in the Brown County Court of Common Pleas. We affirm the trial court's decision.
 {¶ 2} Todd Arthur, the victim, drove his neighbor to the Red Fox Inn in Georgetown, Ohio, in the early morning hours of December 9, 2001. He was in the bar for approximately ten minutes speaking to a former employee at a table. The former employee was arm wrestling with Michael Barger. Barger asked Arthur to arm wrestle. Arthur testified that after he placed his arm on the table appellant grabbed him by his hair to pull him out of the booth. He then testified that appellant hit him in the side of the head.
 {¶ 3} A fight ensued in which Arthur was kicked and hit by appellant and other bar patrons while on the ground. Arthur testified that at one point, while he was on the ground, appellant held down his legs and then attempted to pull his wallet out of his pocket. After the incident, Arthur identified appellant and the other individuals who assaulted him to Georgetown police officers.
 {¶ 4} On January 29, 2003, appellant was indicted for one count of robbery in violation of R.C. 2911.02(A)(2) and one count of assault in violation of R.C. 2903.13(A). Following a jury trial, appellant was found guilty on both counts. Appellant appeals the decision raising the following assignment of error:
 {¶ 5} "The jury erred in reaching guilty verdicts against Appellant."
 {¶ 6} Appellant maintains that the jury's decision was against the manifest weight of the evidence. He also argues that there was insufficient evidence for the jury to find him guilty of the offenses. We will address each issue separately.
 Weight of the Evidence Claim {¶ 7} Appellant argues that there was not enough evidence presented for the jury to convict him of robbery and assault. He maintains that Arthur's testimony was the only evidence presented as to the attempted robbery of his wallet. He also asserts that Arthur's identification of him as attempting to rob him, and as one of the individuals assaulting him is not credible evidence.
 {¶ 8} Weight of the evidence concerns the inclination of the greater amount of credible evidence offered in trial to support one side of the issue rather than the other. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The standard the court follows for determining whether a conviction is against the manifest weight of the evidence is summarized as:
 {¶ 9} "The court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins,78 Ohio St.3d at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 10} Appellant asserts that he was misidentified as the perpetrator of the assault and attempted robbery of Arthur. He maintains that Arthur failed to identify him in a photo lineup and at a later court hearing for the other individuals involved in the assault. He argues that Arthur sustained such extensive injuries that he "would not be thinking clearly enough to study the men beating him, nor would he have the opportunity to see his assailants as he was being punched and stomped." He also maintains that no one else has corroborated Arthur's testimony that appellant attempted to rob him.
 {¶ 11} Appellant is correct in his statements as to Arthur's later inability to identify him; however, a barmaid at the bar testified that she saw appellant hit Arthur with his fist. Kelly Reeves, an officer of the Georgetown Police Department at the time of the assault, testified that he saw appellant on top of Arthur and separated them. He stated that it appeared to him that appellant and Arthur were engaged in a "scuffle" on the floor. He also testified that Arthur pointed out appellant as the individual attempting to steal his wallet.
 {¶ 12} Patrolman Todd Waits, of the Georgetown Police Department, testified that after the assault, Arthur picked appellant out of the crowd standing outside as one of the individuals who assaulted him. He also testified that Arthur told him that appellant attempted to take his wallet during the assault. Arthur identified appellant during trial as the individual who attempted to steal his wallet while he was on the ground, and as one of the individuals who assaulted him.
 {¶ 13} The jury heard further testimony that earlier in the evening there had been another fight at the bar at which appellant was helping that victim out the door. A barmaid testified that she found a wallet in the bathroom later that evening. Robert Gifford, the criminal investigator for the case, testified that the wallet belonged to the victim of the first fight.
 {¶ 14} The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. After thoroughly reviewing the record, we find that there was enough evidence presented for the jury to determine that appellant assaulted and attempted to rob Arthur. The jury did not lose its way and create a miscarriage of justice. Accordingly, appellant's convictions for assault and robbery were not against the manifest weight of the evidence.
 Insufficient Evidence Claim {¶ 15} When an appellate court reviews a claim that a conviction is not supported by sufficient evidence, its inquiry focuses primarily upon the adequacy of the evidence. Thompkins,78 Ohio St.3d at 386. Sufficiency is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. Id. "The standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 16} In order to obtain a conviction for assault, the State had to prove that appellant knowingly caused harm to another. R.C. 2903.13(A). Moreover, in order to obtain a conviction for robbery, the prosecution was required to prove that appellant attempted to commit a theft while inflicting or attempting to inflict physical harm on another. R.C. 2911.02(A)(2).
 {¶ 17} The State produced the testimony of Arthur that appellant hit and kicked him. A barmaid testified that appellant hit Arthur. An officer testified that appellant was on top of Arthur and separated them. Finally, Arthur testified that appellant was attempting to take his wallet from his pocket. Viewing the evidence presented in a light most favorable to the State, we find that there was sufficient evidence for the jury to find all the elements beyond a reasonable doubt to convict appellant of assault and robbery.
 {¶ 18} In conclusion, we find appellant's conviction was not against the manifest weight of the evidence for the reasons given earlier. We further find that there was sufficient evidence presented for appellant to be found guilty on both counts. Appellant's assignment of error is overruled.
 {¶ 19} The judgment is affirmed.
Judgment affirmed.
Young, P.J., and Walsh, J., concur.